PIRKL v. SMITH et al.

*(Circuit Court, E. D. New York. April Term, 1890.)*

1. PATENTS FOR INVENTIONS—DESIGN PATENT—WHAT CONSTITUTES INFRINGEMENT.
   Under 24 U. S. St. at Large, c. 105, which gives the owner of a design patent an action for the sale as well as the manufacture of goods to which the design shall have been applied without his license, the owner is entitled to recover, on showing an unlicensed sale of goods after his patent went into effect, though they may have been manufactured before that time, and though the manufacturer may have been ignorant of the existence of the patent.

2. SAME—DAMAGES FOR INFRINGEMENT.
   The statute further providing that any one who violates any of its provisions shall be liable to the owner of the patent "in the amount of $250," and for the excess of profit above that amount, and that "the full amount of such liability" may be recovered by an action at law or on bill to restrain the infringement, the owner may recover the $250, though he shows no measure of profits due to the design alone.

In Equity.   On bill for injunction.
*William K. Olcott,* for complainant.
*Leavitt & Keith,* for defendants.

WHEELER, J. This suit is brought upon design patent No. 18,293, dated May 1, 1888, issued to the orator for a window-guard. The defendants admit that window-guards of this design were ordered of them in March, 1888, and delivered by them in July, 1888, but deny that they knew of the patent before the delivery, and such knowledge is not shown. A statute provides that for any person other than the owner of a patent for a design, without license, to apply the design, or any colorable imitation thereof, "to any article of manufacture for the purpose of sale, or to sell or expose for sale any article of manufacture to which such design or colorable imitation shall, without the license of the owner, have been applied, knowing that the same has been so applied," shall, during the term of the patent, be unlawful; and that any person violating these provisions, or either of them, "shall be liable in the amount of two hundred and fifty dollars," and for the excess of profit above

that amount, "the full amount of such liability" to be recovered "by action at law, or upon a bill in equity for an injunction to restrain such infringement." 24 St. 1887, c. 105. Whether the defendants applied the design to the guards before or not till after May 1, 1888, is not shown; and, as argued in their behalf, they may not have so applied it within the term of the patent, which began on that day, and cannot be held liable under this statute for that. But the sale of the guards was completed when they were delivered, which was in July, 1888, and clearly within the term of the patent. They knew that the design had been applied to the guards which they so sold, for they applied it; and they knew it was so applied without license, for they had no license, and must have known that. That they did not know of the patent is urged against liability on account of the sale; but the statute does not include knowledge of the patent among the things necessary to create this liability. It only requires that the design shall have been applied without license, and a sale, "knowing that it has been so applied." The defendants, unwittingly perhaps, appear to have brought themselves clearly within this branch of the statute.

The orator has shown no measure of profits due to the design alone, and asks for no profits beyond the $250 given by the statute. Counsel for the defendants argues that this is a penalty, or forfeiture, which cannot be recovered in this form. That the profits could be recovered in this form, without the statute, is not questioned. The statute seems to give this amount as a measure of profits in cases where a less amount only can be proved, and not as a penalty above the actual profits. The profits as such, whether fixed in amount by statute or by finding, would be recoverable in the same manner in either case. *Newman* v. *Waite*, 43 Vt. 587; *Waite* v. *Dowley*, 94 U. S. 527. The statute itself removes all doubt about this by expressly providing for the recovery of the full amount of the liability upon a bill in equity for an injunction to restrain the infringement. This is such a bill. The statute seems to be intended to carry out the idea that the amount of the liability is merely a fixed measure of profits which may be decreed in equity as an incident to the jurisdiction for relief by injunction in the same behalf. *Root* v. *Railway Co.*, 105 U. S. 189. As the orator claims no profits beyond the $250 given by the law, there is no question about the amount, and no occasion to send the case to a master. A decree for the orator for that amount of profits as an incident to a decree for an injunction appears to be required by that statute, as the case stands.

Counsel for the defendants further insists that the cross-examination of the orator shows an abandonment of the substantial part of this design to the public; and he asks leave to amend the answer, and make this defense, if that evidence will bear it out. But this testimony shows rather a preference of one style of guards of this design to another than any purpose to abandon the design itself. It would fall far short of making out this defense if set up. Let a decree be entered for an injunction, and $250 profits, with costs.