## STEWART et al. v. SMITH.

(Circuit Court of Appeals, Third Circuit.   November 10, 1893.)

### No. 12.

DESIGN PATENTS—ODD FELLOWS' DESIGN FOR DECORATING RUGS.

Design patent No. 18.703, granted October 23, 1888, to William T. Smith, for an Odd Fellows' design for decorating rugs, consisting of the selection of certain Odd Fellows' symbols, and the grouping thereof in an orderly and tasteful manner, so as to form what many would consider an attractive panel, large enough to cover the face of the rug within the border, involves novelty and invention, and is valid.   55 Fed. Rep. 481, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

In Equity.   Bill by William T. Smith against John and George Stewart, trading as John Stewart & Son, for infringement of a design patent.   There was a decree for complainant in the court below, the opinion being pronounced by Butler, District Judge, and reported in 55 Fed. Rep. 481.   Defendants appeal.   Affirmed.

Hector T. Fenton, for appellants.

Joseph C. Fraley, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and WALES, District Judge.

DALLAS, Circuit Judge.   This suit was brought for infringement of letters patent of the United States, No. 18,703, granted to William T. Smith, complainant and appellee, upon October 23, 1888, for a "design for a rug, consisting of a center panel, ornamented by representations shown, and an ornamental border surrounding the whole, as shown in the photographic print accompanying this specification."   Upon the panel shown in the photographic print and in the exhibit produced there are portrayed certain selected Odd Fellows' symbols, so arranged as to present the appearance of an orderly and ornamental group or pattern, and this is surrounded by an ornamental border having the same general effect as the frame of a picture.

It is alleged that the circuit court erred in its construction of the patent, in sustaining its validity, and in finding that it had been infringed; but the several questions raised by the assignments were all carefully considered by the learned judge below in an opinion so exhaustive and so satisfactory to us as to render their further discussion unnecessary.   The main point in the case, and the only one as to which we have experienced any difficulty, is as

to whether the composite impression or ornament described and claimed involved or disclosed such novelty and invention as is requisite to sustain a design patent. The learned judge below said that if the question of novelty and invention, under the terms of the statute, had been raised for the first time in this suit, his judgment possibly would have been different; and we strongly incline to the opinion that, but for the prior adjudications upon the subject, a finding that this patent is not supported by invention, within the meaning of the law, would have been correct. But we think he was clearly right in his understanding and application of the earlier decisions, several of which he has discussed, and in his refusal to depart from them; and therefore we are constrained to accept his conclusion.

The decree of the circuit court is affirmed.