## HOGG v. GIMBEL et al.

(Circuit Court, E. D. Pennsylvania. May 26, 1899.)

DESIGN PATENTS—NOTICE OF PATENT—MARKING ARTICLES.

Under Rev. St. § 4900, if the patented articles sold by complainant are properly marked "Patented," either on the articles themselves or the inclosing package, this is general notice to the public, so that one who makes or sells such articles is liable for infringement, though he may in fact have been ignorant of the patent.

This was a suit in equity by William James Hogg against Gimbel Bros. for alleged infringement of a patent for a design for carpets.

Southgate & Southgate, for complainant.
John G. Johnson, for defendants.

McPHERSON, District Judge. This case was heard upon bill and answer. The complainant, who is a manufacturer of carpets, is the owner of design patent No. 25,907, and has made and sold large quantities of carpeting embodying such design. The patent embraces two claims,—one for a carpet body, and the other for a carpet border; and, as the answer admits, both claims have been infringed by the defendants. They made sales of a body and a border that were exact copies of the complainant's design, but they seek to avoid liability by denying actual knowledge of the patent at the time the sales were made. This denial of knowledge in fact must be accepted as true,—no testimony having been taken, —and the question for decision, therefore, is whether other facts averred in the bill, and not denied by the answer, are sufficient to visit the defendants with the consequences of constructive knowledge. These facts are, as averred in paragraph 4 of the bill, that the complainant gave "sufficient notice to the public that the [design] is patented by affixing thereon the word 'Patented,' together with the date and year the patent was granted, or by affixing to it, or the package wherein said carpeting was inclosed, a label containing a like notice, and has complied in all respects with the statute in such case made and provided."

Upon these facts, I think that the complainant has fulfilled the obligation imposed upon him by section 4900 of the Revised Statutes. The point was decided in Dunlap v. Schofield, 152 U. S. 248, 14 Sup. Ct. 577, in which the supreme court declare that this section makes it the duty of every patentee or his assignee, and of all persons vending any patented article for or under them, to give the public sufficient notice that it is patented, by putting the word "Patented" upon it, or upon the package inclosing it, and then go on to say:

"The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against the infringers of the patent, unless he has given notice of his right, either to the whole public by marking his article 'Patented,' or to the particular defendants by informing them of his patent and of their infringement of it. One of these two things—marking the articles, or notice to the infringers—is made by the statute a prerequisite to the patentee's right to recover damages against them. Each is an affirmative fact, and is something to be done by him."

The same section was considered in this circuit in Matthews & Willard Mfg. Co. v. National Brass & Iron Works, 71 Fed. 518.

In the present case the undisputed fact is that the complainant gave notice to the whole public, thus including the defendants, by marking properly the manufactured articles or the inclosing package. This being so, it is not material that the defendants did not have actual notice or knowledge of the patent. It is also undisputed that the defendants have infringed both claims of the complainant's patent, and I am therefore of opinion that a decree must be entered imposing the statutory penalty of $250, under the act of February 4, 1887 (24 Stat. 387; 1 Supp. Rev. St. p. 533), for each of the two acts of infringement.

A decree may be drawn continuing the preliminary injunction and making it perpetual, and directing the defendants to pay the sum of $500, with costs.