## GIMBEL et al. v. HOGG.

### (Circuit Court of Appeals, Third Circuit. November 14, 1899.)

#### No. 8.

1. DESIGN PATENTS—PENALTY FOR INFRINGEMENT.

   A defendant cannot be subjected to more than one penalty of $250, under the provisions of Act Feb. 4, 1887 (24 Stat. 387), for the infringement of a design patent for a carpet, although the patent covers the design for the body of the carpet and for the border in different claims, and defendant sold both carpet and border, made in accordance with the patented design, where the sale was a single transaction.

2. SAME—KNOWLEDGE BY SELLER OF INFRINGEMENT.

   Under Act Feb. 4, 1887 (24 Stat. 387), which makes it unlawful for any person to apply a patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, without license from the owner, or to sell or expose for sale any article to which such design or colorable imitation shall have been applied, without the license of the owner, "knowing that the same has been so applied," such knowledge cannot be imputed to the seller from the "notice to the public" by the marking required of the patentee by Rev. St. § 4900; and where he buys the article from the manufacturer, and resells it in good faith, without any knowledge of infringement, he is not subject to the penalty imposed by the statute.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

John G. Johnson, for appellants.

Louis Southgate, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The bill charged the defendants below (here the appellants) with infringement of letters patent No. 25,907, issued on August 4, 1896, to Frederic M. Parker, assignor to William James Hogg (the complainant), for a design for carpets. The case was heard on bill and answer, and the circuit court, being "of opinion that a decree must be entered imposing the statutory penalty of $250, under Act Feb. 4, 1887 (24 Stat. 387; Supp. Rev. St. 533), for each of the two acts of infringement," decreed accordingly. (C. C.) 94 Fed. 518. By the "two acts of infringement" is meant the infringement of the first and second claims of the patent.

The first section of the act of February 4, 1887, provides that, during the term of letters patent for a design, it shall be unlawful for any person, other than the owner of the letters patent, "without the license of such owner, to apply the design secured by such letters patent, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or to sell or expose for sale any article of manufacture to which such design or colorable imitation shall, without the license of the owner, have been applied, knowing that the same has been so applied"; and that any person "violating the provisions, or either of them, of this section, shall be liable in the amount of $250"; and, in case his total profit from such infringing manufacture or sale shall exceed that sum, he shall be further liable for the excess of such profit over and above the sum of $250. And the second section provides that nothing contained in the act shall prevent, lessen, impair, or avoid any remedy, at law or in equity, which the owner of a design patent aggrieved by infringement might have had if this act had not been passed, but such owner shall not twice recover the profit made from the infringement.

In response to the allegations of the bill, the answer of the defendants explicitly denied that they ever applied the complainant's said design to carpeting, denied that they manufactured the carpeting complained of in the bill, and denied that the defendants ever exposed for sale or sold any carpeting knowing that the design thereof had been applied thereto without the license of the complainant, or with knowledge that in design or in any other respect it infringed upon any right of the complainant possessed by him under letters patent or otherwise. In respect to the transaction complained of, the answer sets forth that the defendants were not manufacturers of carpets, but dealers therein, as merchants, and buying from manufacturers or owners; that, having procured from the treasury department of the United States a contract to supply it with Brussels carpet for the fiscal year ending June 1, 1898, they obtained bids from various manufacturers to supply them with the carpets

needed, and the lowest bidder was James W. Barker, of Norristown, Pa.; that the defendants accepted his bid, and on or about September 1, 1897, gave him an order for the carpets needed, and asked for samples, which he furnished, and which the defendants submitted to the government officials; that among these samples was one containing the design here in question, and which design, among others, the government officials accepted, and directed the defendants to furnish the government about 1,500 yards of carpet, and about 200 yards of border, embodying said design; that thereupon the defendants instructed Barker, under his contract with them, to make and ship to Washington about 1,500 yards of carpet and 200 yards of border of said design; and that accordingly Barker furnished a portion of the carpet and border thus ordered, but, by reason of his business failure in December, 1897, did not complete the delivery. The answer avers that in giving this order to Barker the defendants "acted in entire ignorance of the fact that the carpet and border infringed upon the complainant's right in any way," and that they "were ignorant of any patent, or claim to patent, upon such design held by complainant." And, further answering the bill, the defendants averred as follows: "The carpeting and border sold by us of which complaint is made was not manufactured by us. It was sold by us in absolute ignorance that it infringed in any way upon any design owned by the complainant, or by any other person. It was sold by us in entire good faith, after having received the same from the manufacturer by whom it was manufactured without any knowledge or information by us as to the source of its design or the method of its manufacture." The answer also denies that any damages accrued to the complainant by reason of what was done, or that the defendants derived any profit whatever from the use of his design. All the above-recited denials and averments made by the defendants are responsive to the bill, and are to be accepted as true, in the absence of evidence to the contrary. There is none here. The complainant set the case down for hearing on bill and answer.

Under the act of February 4, 1887, the fixed sum of $250 is in the nature of a penalty. Now if, upon the facts of the case, the defendants are amenable to the penal provisions of this act, one penalty only, we think, is recoverable here. The patent is for a single design. It is true that, in order to protect the patentee from any form of infringement, the patent has three claims,—the first claim covering the design as applied to the body of the carpet, the second claim covering the design as applied to the border, and the third claim reading thus: "The design for carpets, consisting of the body, A, and the border, B, substantially as shown." Here there was infringement of the third claim. As is usual in the purchase of carpeting, the order and sale in question embraced the body of the carpet and its border. There was, however, only one order and sale. It was a single transaction. In no view, then, that can be taken of the case, are the defendants to be subjected to two penalties.

But are the defendants amenable at all to the penal provisions of the statute? They were not manufacturers of this carpeting.

They did not apply the patented design thereto. Barker, who was a manufacturer of carpets generally, made this particular carpeting, and applied to it the complainant's design. Undoubtedly, he incurred the pecuniary penalty imposed by the act. He was the sole manufacturer, and the defendants were his vendees, and nothing more. There is no basis for the argument that the defendant and Barker stood to each other in the relation of principal and agent. Under the circumstances, the defendants are not responsible for Barker's unlicensed act in applying the complainant's design, by reason of their having given the order to him to make and ship 1,700 yards of carpeting according to the pattern the government officials had chosen out of the samples Barker had submitted. The case is the same as if the carpeting had already been made and was in stock when ordered. In law and in fact, the defendants were simply purchasers from the manufacturer and sellers to the government. In making the sale, the defendants acted in perfect good faith, in utter ignorance of any infringement of any patent rights, and without any knowledge whatever that the manufacturer had applied to the carpeting the complainant's design without license. We are, then, of opinion that the defendants are not chargeable with any penalty, under the act of February 4, 1887.

By the plain terms of the statute, the penalty is incurred by the seller of an article to which a patented design has been applied without license, only where he sells "knowing that the same has been so applied." The statutory punishment is for infringing knowingly. Clearly, it was not intended to subject to a penalty a vendor acting in good faith, and selling in entire ignorance of any infringement perpetrated by the manufacturer. For the infliction of the penalty, the statute contemplates and requires knowledge by the seller of the unauthorized use of the design by the manufacturer. Such knowledge is not to be imputed to the seller from the "notice to the public" by the marking required of the patentee by section 4900, Rev. St. It may be reasonable enough to hold such constructive notice sufficient as against the manufacturer who applied the design; for, if he did so without license, he must have known the fact. Pirkl v. Smith (C. C.) 42 Fed. 410, 411. But the public notice by marking, under section 4900, gives no information whatever to a seller of an infringement committed by the manufacturer, and that section has no such purpose. Certain cases to which our attention has been called, namely, Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, Smith v. Stewart (C. C.) 55 Fed. 481, and Stewart v. Smith, 7 C. C. A. 380, 58 Fed. 580, 17 U. S. App. 217, were suits against manufacturers. We find nothing decided or declared in those cases to justify a decree for a penalty, under the act of February 4, 1887, against the defendants in this bill, upon the undisputed facts.

The decree of the court below is reversed, with costs of the appeal to the appellants; and the case is remanded to the circuit court, with directions to enter a decree against the defendants for an injunction and nominal damages, with costs of the suit in the court below.