LICHTENSTEIN v. PHIPPS.

(Circuit Court, S. D. New York. May 26, 1908.)

1. PATENTS—INFRINGEMENT—DESIGN PATENTS.

A manufacturer who applies a patented design to an article of manufacture for the purpose of sale without license from the owner of the patent is not relieved from the statutory liability of $250 for infringement provided by Act Feb. 4, 1887, c. 105, § 1, 24 Stat. 387 (U. S. Comp. St. 1901, p. 3398), by the fact that he had no actual knowledge of the patent, where the articles sold by the patentee were duly marked.

2. SAME—MARKING PATENTED ARTICLES.

Notice of a design patent for a hatband was sufficiently given under Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), by placing the words, "Pat. Jan. 15th, 1907," on the lining of the hats on which the bands were used.

3. SAME—INFRINGEMENT—DESIGN FOR HATBAND.

The Lichtenstein design patent, No. 38,412, for a design for a hatband, *held* infringed.

In Equity. Suit in equity to restrain alleged infringement of United States design patent No. 38,412, dated January 15, 1907, for "hatband," and for an accounting, or $250 statutory liability.

Joseph L. Levy, for complainant.
John C. Pennie, for defendant.

RAY, District Judge. The validity of the patent to Isaac Lichtenstein, No. 38,412, dated January 15, 1907, for design for hatband, is presumed, and not questioned. Defendant does not deny that he infringed this patent by making sailor hats to which he attached hatbands bearing the design of the patent in question and selling same. He denies that he knew the design was patented. It appears from the evidence that the patentee was engaged in making and selling hats with bands of this design; that after the patent was applied for, and before it was granted, he placed a tag between the band and crown of the hat bearing the words "Patent applied for"; and that after the patent was granted he put inside the hat in plain sight printed in and on a part of the lining a label reading, "Pat. Jan. 15th, 1907." There was nothing to show whether the hat itself, the design of the hat, or the design of the band was patented. However, the notice was sufficient to show that something about the hat was patented. Prior to or about May 27, 1907, the firm of R. H. Macy & Co. obtained one of these hats, tore out the tip or lining bearing the words "Pat. Jan. 15th, 1907," and sent it to defendant, with an order or request that he would make them a dozen like it. He at first demurred, but finally, as Macy & Co. were large customers, consented, and manufactured the hats and delivered them to R. H. Macy & Co., which firm put them on sale. In making these hats defendant had the bands bearing the design made by another party. I do not see that this fact is of any importance. Defendant made and sold the hats to which were attached the bands bearing the design of the patent in suit.

Section 4900, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3388), provides:

"It shall be the duty of all patentees and their assigns and legal representatives, and of all persons making or vending any patented article for or under them to give sufficient notice to the public that the same is patented; either by affixing thereon the word 'patented' together with the day and year the patent was granted; or when from the character of the article this cannot be done, by affixing to it, or to the package wherein one or more of them is inclosed, a label containing a like notice; and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued to make, use or vend the article so patented."

By section 4933, Rev. St. U. S., this section is made applicable to design patents. Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426.

Act Feb. 4, 1887, c. 105, § 1, 24 Stat. 387 (U. S. Comp. St. 1901, p. 3398), provides, among other things:

"That hereafter, during the term of letters patent for a design, it shall be unlawful for any person other than the owner of said letters patent, without the license of such owner, to apply the design secured by such letters patent or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or to sell or expose for sale any article of manufacture to which such design or colorable imitation shall, without the license of the owner have been applied, knowing that the same has been so applied. Any person violating the provisions, or either of them, of this section shall be liable to the amount of $250; * * * and the full amount of such liability may be recovered by the owner of the letters patent for his own use, in any Circuit Court of the United States having jurisdiction of the parties, either by an action at law or upon a bill in equity, or an injunction to restrain such infringement."

By section 2 of the same act there may be an accounting for damages and profits in the usual manner, and section 1 would seem to give the complainant the right to waive the accounting, and take judgment for the $250 as liquidated damages. To be entitled to an accounting for the time prior to suit, the complainant must have alleged and proved notice, etc. Westinghouse Electric Mfg. Co. v. Condit Electrical Mfg. Co. (C. C.) 159 Fed. 154. Here the complainant, patentee, duly complied with section 4900. I do not think the patentee is required to follow the patented articles, and see to it that the words—or notice— is kept intact. Once attached, due notice is given. By the provisions of section 1 of the act of February 4, 1887, it was unlawful for the defendant to apply the design of this patent to the hats in question. They were articles of manufacture, and the bands were attached or applied thereto for the purpose of sale as a part of and with the hats. He had one of the hats to which the notice required by law had been attached in his possession. The tip or lining was gone. This was sufficient to put him on inquiry. In any event, the patentee had given the required notice. It was statutory notice to the public and to the defendant. By the provisions of said act, it was also unlawful for defendant to sell to R. H. Macy & Co. the hats in question, for the reason that he knew that the bands bearing the design they did bear had been applied thereto, and that they had been applied thereto for the purpose of sale. The defendant cannot escape liability by showing that R. H. Macy & Co., by tearing out the tip, or lining, bearing the notice, and inducing him to make the hats carrying the patented design, deprived him of the benefit of the actual statutory notice. Defendant was the manufacturer. He procured the infringing bands to be made and applied to the hats, and then he sold them for profit.

The following from Gimbel v. Hogg, 97 Fed. 791, 794, 38 C. C. A. 419, 422, is pertinent:

"By the plain terms of the statute, the penalty is incurred by the seller of an article to which a patented design has been applied without license only where he sells 'knowing that the same has been so applied.' The statutory punishment is for infringing knowingly. Clearly it was not intended to subject to a penalty a vendor acting in good faith, and selling in entire ignorance

of any infringement perpetrated by the manufacturer. For the infliction of the penalty, the statute contemplates and requires knowledge by the seller of the unauthorized use of the design by the manufacturer. Such knowledge is not to be imputed to the seller from the 'notice to the public' by the marking required of the patentee by section 4900, Rev. St. U. S. It may be reasonable enough to hold such constructive notice sufficient as against the manufacturer who applied the design; for, if he did so without license, he must have known the fact. Pirkl v. Smith (C. C.) 42 Fed. 410, 411. But the public notice by marking under section 4900, gives no information whatever to a seller of an infringement committed by the manufacturer, and that section has no such purpose. Certain cases to which our attention has been called, namely, Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426; Smith v. Stewart (C. C.) 55 Fed. 481, and Stewart v. Smith, 7 C. C. A. 380, 58 Fed. 580, 17 U. S. App. 217, were suits against manufacturers. We find nothing decided or declared in those cases to justify a decree for a penalty, under the act of February 4, 1887, against the defendants in this bill, upon the undisputed facts."

See, also, Pirkl v. Smith (C. C.) 42 Fed. 410, 411, appeal dismissed 154 U. S. 517, 14 Sup. Ct. 1153, 38 L. Ed. 1082, where it was held:

"They knew that the design had been applied to the guards which they so sold, for they applied it; and they knew it was so applied without license, for they had no license, and must have known that. That they did not know of the patent is urged against liability on account of the sale, but the statute does not include knowledge of the patent among the things necessary to create this liability. It only requires that the design shall have been applied without license and a sale, 'knowing that it has been so applied.' The defendants, unwittingly perhaps, appear to have brought themselves clearly within this branch of the statute."

It is urged that the statutory notice was attached to the hat, and not to the hatband. This was permissible and proper by the terms of the act. The evidence shows that ladies would not wear a hat with such a notice on the band in plain sight.

There will be a decree for the complainant for an injunction and $250 statutory liability, with costs.