## INCOMPETENT RECITALS IN A STOCK LEDGER.

Court of Appeals for Hamilton County.

JOHN N. RUSSELL, ADMINISTRATOR OF THE ESTATE OF J. N. RUSSELL, DECEASED, v. THE FOURTH NATIONAL BANK.*

Decided, February 5, 1917.

*Corporations—Stock Transferred Without Surrender of Original Certificate—Entries Showing Transfer in Stock Ledger Inadmissible—As Against Present Holder of Old Certificate Seeking to Have New Certificate Issued to Him and Payment of Dividends Accruing on the Old Certificate.*

Entries in a stock ledger showing the transfer of certain stock of the corporation, represented by a certificate which was not surrendered, are selfserving declarations and are not admissible in an action to compel the issuance of a new certificate to the administrator of the holder of the unsurrendered certificate, in the absence of evidence that the original owner acquiesced in or had knowledge of the making of said entries.

*Tuttle & Ross*, for plaintiff in error.
*Charles B. Wilby, William Worthington, Clark Wilby*, contra.

GORMAN, J.

This case is here for the second time on error to the judgment of the Superior Court of Cincinnati. The case was first tried before Honorable Robert C. Pugh and judgment rendered by him in favor of the defendant. The report of his opinion will be found in 15 N.P.(N.S.), 184. The plaintiff in error then prosecuted error to this court, and Judges Grant, Meals and Carpenter from the eighth district, sitting in this county in place of the present judges of this court, reversed the judgment of the superior court, a report of which decision will be found in 23 C.C.(N.S.), 1. The case was remanded to the superior

*Reversing *Russell* v. *Fourth National Bank*, 18 N.P.(N.S.), 585.
Motion for order directing Court of Appeals to certify record overruled by the Supreme Court April 3, 1917.

court for further proceedings, and was tried before Judge Stanley Merrell, and judgment was again rendered in favor of the defendant. A report of Judge Merrell's decision will be found in 18 N.P.(N.S.), 585. Plaintiff in error is now here asking for a reversal of that judgment.

The facts necessary to be considered are set out in the reported decisions above referred to, and it will not be necessary for this court to re-state them in order to determine whether the judgment should be reversed or affirmed.

The judges of the Eighth District Court of Appeals held that the Superior Court of Cincinnati committed error in admitting in evidence against the plaintiff in error books of entry of the Fourth National Bank tending to show a transfer of the stock of the decedent of plaintiff in error, to one W. F. Colburn; and further held that the entire structure of the defense rested upon these book entries, and that in view of the fact that error was committed in admitting these entries, the entire structure of the defense of the defendant fell.

Upon a re-trial of the case before the superior court, these book entries which the court of appeals in the former decision held were inadmissible, were again admitted in evidence. The theory upon which they were admitted was, that in the trial before Judge Merrell it was shown that the entries were in the hand-writing of the former cashier of the Fourth National Bank, and that in the regular course of business it was the duty of the cashier of the bank, in 1867, to make entries in the stock ledger. It was further shown that the cashier was dead, and his hand-writing in the entries in the stock ledger was indentified by the present cashier, Mr. Bartlett. It was further claimed in the second trial that these entries in the stock ledger of the Fourth National Bank were admissible in evidence under what is known as "the shop book rule," and that this claim was not put forth at the first trial nor did the court of appeals, in reversing the case, base its opinion on the fact that the book entries were inadmissible under the "shop book rule."

But it was not shown in evidence that Russell, the decedent, had any knowledge of these entries being made in the stock

ledger of the Fourth National Bank, whereby his stock purported to be transferred from him to W. F. Colburn; nor was it shown in evidence that he had ever acquiesced in these entries. The court of appeals in its former decision held that these entries were mere self-serving declarations, and it appears to us that they have the same character now as they had before it was shown who made the entries and when they were made. It is not shown that any actual transaction took place such as these entries would purport to show; the evidence does not disclose under what circumstances these entries were made in this ledger; the evidence does not show upon what authority or by whose authority they were made, so far as Russell or Colburn is concerned. It therefore appears to us that in the absence of such a showing these entries were still—as they were when the court of appeals passed upon the question before—self-serving declarations of the Fourth National Bank and inadmissible against Russell's administrator.

The "shop book rule" which was invoked by Judge Merrell in admitting these book entries is a rule that books of account of merchants, shop-keepers and others who record transactions of purchases, sales or services or labor are admissible in evidence in controversies between the parties, when it is shown that the entries were made in the usual course of business, either by the parties themselves or by their clerks under their direction, and when the hand-writing is established under oath, and that the entries were made contemporaneous with the transactions. We do not understand that this rule extends beyond transactions of purchase and sale of goods or merchandise, or the employment of labor and services rendered; but in some cases the rule does apply to bank transactions between the customers of the bank and the bank, where there have been deposits of money and withdrawals.

The only case cited by the court below in support of the admission of these book entries in the stock ledger of the defendant in error is that of *Evans* v. *Lake*, referred to in Buller's Nisi Prius, 282. This book was published in 1806. It is "An Introduction to the Law Relative to Trials at Nisi Prius, published by Francis Buller, Esq., of the Middle Temple." It

does not purport to give a report of cases cited, but merely to give a reference to the principles decided. The case cited by the learned judge in the trial below, at page 282 of this book, is referred to by the author as having been decided on May 3, 1738. In that case the author says, there was admitted in evidence on behalf of the defendant and against the plaintiff Lake, a book belonging to the defendant Sir Stephen Evans, and an entry showing payment of money made by him, which entry was in the hand-writing of his clerk, Jeremy Thomas, who was proved to be dead. The court allowed this entry to be offered in evidence upon the proof of the facts above stated. The controversy in that case was between Mr. Lake and Sir Stephen Evans, and the book in which the entry was made belonged to one of the parties, Sir Stephen Evans.

It appears to us that the rule laid down in that case would not justify the admission of the stock ledger entries of the Fourth National Bank in the case at bar. The stock ledger in the case at bar does not undertake to record the transaction between Russell and Colburn. If it were the book of Mr. Colburn showing the payment to Russell for his stock, we have no doubt that under the case cited—*Evans* v. *Lake*—the entries might be admissible on showing that Mr. Colburn made the entries and that he is now dead. Or, if it were the account book of Mr. Russell, showing the sale of the stock, and the entry was shown to be that of Mr. Russell or his clerk, and that the person who made the entry was now dead, there would be no doubt but that the entry would be admissible. But to take the books of a third person not a party to the transaction and permit them to be offered in evidence, without any evidence of knowledge on the part of Mr. Russell or any acquiescence on his part, and without a showing of the circumstances under which the entries were made, or by whose or what authority they were made—that is, whether by the authority of Russell or of Colburn, the parties to the transaction—it appears to us would be stretching the doubtful rule laid down in the case of *Evans* v. *Lake*. And so we have reached the conclusion that notwithstanding the additional evidence that was offered in the second trial

of this case, the entries in the stock ledger were inadmissible against the administrator of J. N. Russell, and that the court below erred in admitting this record; and for this reason the judgment of the superior court must be reversed.

It is further claimed by the plaintiff in error that the court below erred in admitting evidence tending to show the financial condition of J. N. Russell from 1867 down to the time of his death in 1895, and in showing what property he had and what he did not have.  We think this evidence was admissible for the purpose of showing the probability or improbability of Russell having a certificate of stock in his possession worth upon its face $3,000, and failing to collect the dividends for a period of twenty-eight years, and failing to realize on this stock.  But we do not think that such evidence would have very great weight in overturning the rights of the plaintiff in error under a certificate of stock solemnly issued by the Fourth National Bank in 1865, found among the assets of the deceased, J. N. Russell, upon his death, which certificate is admitted by the Fourth National Bank to be genuine.

It is urged by counsel for defendant in error that the title to the stock in the Fourth National Bank does not have to be evidenced by a certificate, and that the transfer of the stock and the title thereof is really made upon the books of the bank, and that for that reason the entries upon the books of the bank showing the transfer of stock are admissible in the same sense or to the same extent that the record of deeds is admissible to show the transfer of title to real estate.  It is true that formerly many corporations issued no certificates of stock, but showed upon their books the aliquot part of the capital stock held by the stockholders of the corporation, and frequently mere receipts were given to stockholders upon the payment of their stock, and the amount of stock which they owned in the corporation was determinable only by the books of the company.

But in this case no such practice was pursued.  Certificates of stock were issued, and no doubt a stock certificate book was used by the bank and stubs remained in the hands of the bank showing to whom the stock certificates were issued.  If there had

been no stock certificates issued by the bank it may be that the books would be admissible for the purpose of showing who were the stockholders and how much they owed, inasmuch as that might be the only method of showing who were the stockholders and the amount of their holdings.

It is further urged by counsel for defendant in error that under the federal statute, 5210 R. S. U. S., this stock ledger of the Fourth National Bank is a *quasi*-public record, because that section requires that the president and cashier of every national bank shall keep a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each. But it has been held in several decisions that the purpose of this section is merely to give the public, dealing with the bank, a knowledge of the names of its stockholders, and to what extent they might be relied on to give safety to those dealing with the bank. *Pauly* v. *State Loan & Tr. Co.,* 165 U. S., 606; *Waite* v. *Dowley,* 94 U. S., 527; *Carey* v. *Williams,* 79 Fed., 906; *Foote* v. *Anderson,* 123 Fed., 659.

Counsel for plaintiff in error ask this court to render the judgment which they claim the court below should have rendered upon the hearing of the case, to-wit, a judgment in favor of the plaintiff, directing the officers of the Fourth National Bank to transfer to the plaintiff in error this stock or, in lieu thereof, to account to him for the value of the stock and the dividends which have not been paid to Russell or his administrator.

This court is of the opinion that it is the duty of the court below upon the hearing of the evidence, to enter such a judgment as the evidence warrants; and this will probably involve the question of an accounting, and evidence may have to be taken upon that branch of the case. Evidence may also have to be taken as to the value of this stock as of the time it was alleged to have been converted, or at the time of the trial. Evidence may also have to be taken as to other questions which we do not now perhaps foresee; and for this reason we deem it proper to reverse this judgment and remand the cause to the superior court for such proceedings as are authorized by law.

Jones (E. H.), P. J., and Jones (Oliver B.), J., concur.