## DUNLAP *v.* SCHOFIELD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 149. Submitted December 5, 1893. — Decided March 5, 1894.

A patentee of an invention, or of a design, cannot, in a suit against infringers thereof, recover damages within section 4900 of the Revised Statutes, or the penalty imposed by the act of February 4, 1887, c. 105, without alleging and proving either that patented articles made and sold by him, or the packages containing them, were marked " patented," or else that he gave notice to the defendants of his patent and of their infringement.

THIS was a bill in equity, filed May 7, 1889, for the infringement of letters patent issued April 2, 1889, for the term of three and a half years, by the United States to Julius Stroheim for a design for rugs.

The bill alleged that the design was new and original; that Stroheim was the original and first inventor thereof; that it was not, at the time of his application for a patent, in public use or on sale with his consent or allowance; that before the issue of the patent he assigned the invention and the patent

to be obtained therefor to the plaintiffs by an instrument in writing recorded in the Patent Office; that the invention was of great practical use and benefit to the plaintiffs, and they had applied it to large and extensive use, and had expended large sums of money in introducing it, and the public and the users of the invention had acknowledged and acquiesced in its value; that the defendants had infringed, and intended to continue to infringe the patent by making, using and vending the patented design, substantially the same in outline, detail and appearance as shown and described in the patent; and that the plaintiffs, "after the issue of the aforesaid letters patent, notified the said defendants of the issue of said letters patent, of their infringement thereof, and requested them, the said defendants, to abstain and desist from any further violation thereof in infringement of" the plaintiffs' "rights thereunder in the manufacture and sale of rugs bearing said patented design;" and prayed for a discovery, an injunction, an account of profits, damages, and further relief.

The defendants answered under oath, admitting the issue of the letters patent to Stroheim; denying all the other allegations of the bill, and, among other things, denying that "after the issue of the aforesaid letters patent these complainants notified these defendants of the issue of said letters patent, or of their infringement thereof, and requested the said defendants to abstain and desist from infringement of the complainants' alleged rights thereunder, in the manufacture and sale of rugs bearing said patented design." The plaintiffs filed a general replication.

At the hearing upon pleadings and proofs, it appeared by the testimony introduced by both parties that the plaintiffs made and sold many rugs with the patented design upon them; and there was conflicting evidence upon the question of infringement. The court held that the patent was valid, and that the defendants had infringed it by making and selling rugs bearing a design in imitation of and substantially similar to the design shown, described and claimed in the patent.

No evidence was offered by either party upon the question

whether the plaintiffs' rugs were marked "patented," or upon the question whether the plaintiffs had notified the defendants that they were infringing the patent.

The defendants contended that they were not liable in damages, because the plaintiffs had failed to prove their own compliance with section 4900 of the Revised Statutes, which is as follows:

"It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patented,' together with the day and year the patent was granted; or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is enclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

The court held that the notice alleged in the bill was not a sufficient compliance with this section, and that the burden of proof was upon the defendants to show that the plaintiffs had not complied with it. 42 Fed. Rep. 323.

The plaintiffs asked for an injunction, and for damages in the sum of $250, as penalty and damages under the act of February 4, 1887, c. 105, (which is copied in the margin,[1])

---

[1] An act to amend the law relating to patents, trade-marks and copyright.

SEC. 1. Hereafter, during the term of letters patent for a design, it shall be unlawful for any person other than the owner of said letters patent, without the license of such owner, to apply the design secured by such letters patent, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or to sell or expose for sale any article of manufacture to which such design or colorable imitation shall, without the license of the owner, have been applied, knowing that the same has been so applied. Any person violating the provisions, or either of them, of this section, shall be liable in the amount of two hundred and fifty dollars; and in case the total profit made by him from the manufacture or sale, as afore-

and waived all right to any further damages, or to an account of profits. The court, on May 13, 1890, entered a decree for the plaintiffs accordingly, and the defendants appealed to this court.

*Mr. Joseph C. Fraley* for appellants.

*Mr. Hector T. Fenton* for appellees.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

By section 4900 of the Revised Statutes, (which by virtue of section 4933 applies to patents for designs,) it is made the duty of every patentee or his assigns, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that it is patented, by putting the word "patented" upon it, or upon the package enclosing it; "and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patent, unless he has given notice of his right, either to the whole public by

said, of the article or articles to which the design, or colorable imitation thereof, has been applied, exceeds the sum of two hundred and fifty dollars, he shall be further liable for the excess of such profit over and above the sum of two hundred and fifty dollars. And the full amount of such liability may be recovered by the owner of the letters patent, to his own use, in any Circuit Court of the United States having jurisdiction of the parties, either by action at law, or upon a bill in equity for an injunction to restrain such infringement.

Sec. 2. Nothing in this act contained shall prevent, lessen, impeach or avoid any remedy at law or in equity which any owner of letters patent for a design, aggrieved by the infringement of the same, might have had if this act had not been passed; but such owner shall not twice recover the profit made from the infringement. 24 Stat. 387.

marking his article "patented," or to the particular defendants by informing them of his patent and of their infringement of it.

One of these two things, marking the articles, or notice to the infringers, is made by the statute a prerequisite to the patentee's right to recover damages against them. Each is an affirmative fact, and is something to be done by him. Whether his patented articles have been duly marked or not is a matter peculiarly within his own knowledge; and if they are not duly marked, the statute expressly puts upon him the burden of proving the notice to the infringers, before he can charge them in damages. By the elementary principles of pleading, therefore, the duty of alleging, and the burden of proving, either of these facts is upon the plaintiff.

In the present case, although the plaintiffs had manufactured and sold goods with the patented design upon them, they made no allegation or proof that the goods were marked as the statute required. They did allege in their bill that they notified the defendants of the patent and of their infringement; but this allegation was distinctly denied in the defendants' answer, and the plaintiffs offered no proof in support of it. They could not, therefore, recover, even if this were a suit for damages within section 4900 of the Revised Statutes.

But these plaintiffs, waiving all right to an account of profits, or to other damages, sought and were allowed to recover the fixed sum of $250, in the nature of a penalty, imposed by the act of February 4, 1887, c. 105, upon any person who, during the term of a patent for a design, and without the license of the owner, applies the design secured by the patent, "or any colorable imitation thereof," to any article of manufacture for the purpose of sale, or sells or exposes for sale any article of manufacture to which "such design or colorable imitation" has been applied, "knowing that the same has been so applied." 24 Stat. 387. This statute, according to its clear intent and effect, requires that, in order to charge either a manufacturer or a seller of articles to which has been applied a patented design or any colorable

imitation thereof, he must have been "knowing that the same has been so applied," which is equivalent to saying "with a knowledge of the patent and of his infringement." The reasons for holding the patentee to allege and prove either such knowledge, or else a notice to the public or to the defendant, from which such knowledge must necessarily be inferred, are even stronger, in a suit for such a penalty, than in a suit to recover ordinary damages only.

In none of the cases on which plaintiffs rely, and by which the court below considered its judgment as controlled, was there any adjudication inconsistent with this conclusion.

The leading case is *Rubber Co.* v. *Goodyear*, 9 Wall. 788, decided at October term, 1869, which was a bill in equity for an injunction, and for an account of profits, against infringers of a patent for an invention; and the passage in the opinion of this court, which is relied on by the plaintiffs, is that in which Mr. Justice Swayne, after citing the provisions of the act of March 2, 1861, c. 88, § 13, which are reënacted in section 4900 of the Revised Statutes, proceeded as follows: "It is said that the bill contains no averment on this subject, and that the record is equally barren of proof that any such notice was ever given to the defendants, except by the service of process, upon the filing of the bill. Hence, it is insisted that the master should have commenced his account at that time, instead of the earlier period of the beginning of the infringement. His refusal to do so was made the subject of an exception. The answer of the defendants is as silent upon the subject as the bill of the complainants. No such issue was made by the pleadings. It was too late for the defendants to raise the point before the master. They were concluded by their previous silence and must be held to have waived it. It cannot be considered here." 9 Wall. 801.

In that case, as appears in the passage just quoted from the opinion, not only was there no averment in the bill, or in the answer, on the subject of marking or of notice; but no objection to the want of proof of either fact was made by the defendants at the original hearing in the Circuit Court, as appears by its opinion reported in 2 Cliff. 351. The objection

was first taken at the subsequent hearing before a master, and was therefore held to have been waived.

In some later cases in the Circuit Courts of the United States it has been assumed that the defendant was bound to allege and prove that the patented articles were not marked, if he would, upon that ground, avoid liability for damages under the section in question. But in none of those cases was that point in judgment. In *Goodyear* v. *Allyn*, 6 Blatchford, 33, the only question before the court was of granting an injunction, a matter not touched by this section. In *Herring* v. *Gage*, 15 Blatchford, 124, the point decided was that the statute did not apply to the marking of the articles made and used by the infringing defendants. In *New York Pharmical Association* v. *Tilden*, 21 Blatchford, 190, the answer alleged and the proof showed that the plaintiffs' goods were not marked, and the question was as to the sufficiency of a verbal notice to charge the defendants in damages. And in *Allen* v. *Deacon*, 10 Sawyer, 210, the want of marking was alleged and proved by the defendant, and he was also proved to have been duly notified of the infringement. On the other hand, in *McComb* v. *Brodie*, 1 Woods, 153, it was held that if the patentee did not prove that his articles were marked, or that he gave the defendant notice of the infringement, he could recover only nominal damages.

The patent having now expired, so that the injunction is of no further value, the decree is reversed and the case remanded to the Circuit Court with directions to

*Dismiss the bill.*