## TRAVER v. BROWN.

### (Circuit Court, D. Vermont. July 31, 1894.)

1. PATENTS—INFRINGEMENT.
   The fact that one using the material features of a patented invention has made improvements thereon does not prevent such use from being an infringement.

2. SAME—MARKING ARTICLES "PATENTED."
   Marking an article "Patented," not with the day and year of the patent which covers it, but with the date of a previous patent to the same inventor, upon which the later patent is an improvement, is not a compliance with the statute, and gives the patentee no right to recover damages.

3. SAME—STITCH-BREAKING MACHINE.
   The Traver patent, No. 431,957, for a "stitch-breaking and raveling attachment for machines for sewing looped fabrics," *held* valid and infringed.

This was a bill by Adelbert Lee Traver against Eugene H. Brown for infringement of a patent.

Odin B. Roberts, for orator.
Franklin Scott, for defendant.

WHEELER, District Judge. This suit is brought for infringement of patent 431,957, dated July 8, 1890, and granted to the orator, with three claims for a "stitch-breaking and raveling attachment for machines for sewing looped fabrics." The first claim is for:

"(1) A fabric stitch-breaking and raveling attachment, combining with the pin plate of a turning-off machine a bar having a wedge-shaped end, consisting of two parallel sides, a lower edge lying close to and parallel with the pins on said pin plate, and an inclined upper edge of sufficient length and inclination to give to the wedge-shaped part, near its rear end, sufficient dimension to draw out or break the loops of the fabric, a guide plate lying against and supporting the opposite side of said fabric from said bar and wedge, and having a slot opposite said wedge mechanism whereby said bar may be reciprocated in the direction of the lower edge of its wedge-shaped end through said slot in said guide plate, and a frame for supporting and guiding said bar, for supporting said guide plate, and carrying said mechanism, substantially as and for the purpose set forth."

The third claim is for substantially the same elements, with a jaw for clearing away the surplus material of the fabric.

These attachments are for preparing the uneven edges of knit fabrics for sewing to others. At first the edges were sheared, which was objectionable, breaking the stitches in line being better. The orator took out patent 410,720, dated September 10, 1889, for a trimmer for this purpose, which pierced the loops from opposite sides, and raised them to break the stitches, and made one machine under it, which did not work well. This prior patent, and proceedings in the patent office by which a claim for a single stitch-breaker was dropped, are relied upon to defeat the novelty and validity of the patent in suit. The claim dropped was for a combination with other devices, of one or more, and the patent was for the combination of several, levers with points for piercing the fabric positioned on them for breaking the stitches, by lifting the points while in the fabric. The patent in suit is for a combination with other devices of a bar, shaped "to give to the wedge-shaped part, near its rear end, sufficient dimensions to draw out or break the loops of the fabric." The former pulled on the fabric, and the latter forced the sides of the loop apart, to break the stitch. They did the same thing, but in different ways, and mechanically were different things. Neither the claim dropped nor the patent was for any combination of such wedge-shaped bar with any devices; and the dropping of the claim was not any abandonment of, nor the former patent any anticipation of, the invention patented in this patent. That the orator is really the first inventor of this machine is not much questioned; he does not appear to have lost his right to any part of the invention; and this patent, not the former, seems to cover it.

The defendant makes such attachments having such a bar with its rear end of "sufficient dimensions to draw out or break the loop of the fabric," operating horizontally to spread the loops and break the stitches, instead of perpendicularly, and in combination with different-shaped guide plates and propelling contrivances, but breaking the stitches and clearing away the surplus material in substantially the same manner. In doing this he appears to have taken and used a part of the orator's patented invention, and to that extent to infringe. He may have improved upon it, but using it in an improvement is none the less, because of that purpose, an infringement.

The orator makes and sells these patented attachments; marks them "Patented September 10, 1889," the date of the former patent, and not as patented at the date of this patent. The statute (section 4900) requires a patentee making or selling the patented articles to give notice of the patent by fixing thereon, or on the packages, the word "Patented," with the day and year of the grant, and provides that, on failure in this, no damages shall be recovered, except on proof that the defendant was duly notified of the infringement, and continued it afterwards. This statute prevents a manufacturing patentee from recovering any damages without alleging and proving, either the marking of the articles or packages as patented, with the day and year of the patent, or actual notice to defendants of the patent and the infringement, as a part of the case. Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576. In this case the orator has alleged marking the articles "Patented," "according to the statute," without alleging actual notice of the patent or of the infringement. The answer neither admits nor denies this, but puts the orator to proof of it. The proofs do not show marking with the day and year of this patent, and therefore the orator has failed to show any right to recover damages for the infringement of this patent. Upon these considerations the orator seems to be entitled to an injunction only.

Let a decree be entered for the orator for an injunction, with costs