BLOUNT MANUF'G CO. v. BARDSLEY.

(Circuit Court, E. D. New York. March 15, 1895.)

1. PATENTS—ANTICIPATION OF COMBINATION.
   Where prior machines show similar parts in other arrangements for other purposes, but nothing shows them working together in any arrangement like that of the patent, for the purpose of the patent or any other purpose, there is no anticipation.

2. SAME—INFRINGEMENT OF COMBINATION CLAIMS.
   A claim for a combination, which specifies among its elements a piston and its piston rod operating upon certain spring mechanism, held infringed by a machine having all the parts of the claim except that its piston has no piston rod proper, but is itself extended so as to reach the parts which the rod would reach.

3. SAME—LIMITATION OF CLAIMS—INFRINGEMENT.
    Of the first four claims of a patent, all covering combinations, the first
and fourth described a shaft and a crank and pitman connecting the shaft
with a piston; the second described the shaft as connected with the pis-
ton, to operate the same; and the third, as being connected with the
piston to operate the same and be operated thereby,—but neither specified
the means of connection. *Held*, that the connection provided for in the
latter two claims was not an actual attachment preventing separation, but
such a relation of parts as would produce simultaneousness of motion be-
tween the shaft and the piston, and hence that such claims were infringed
by an apparatus having a cam connection which produced such simultane-
ousness of motion; but *held*, further, that the first and fourth claims made
the crank and pitman so material (the combination being of special im-
provements) that they were not infringed by such cam connection.

4. SAME—MARKING ARTICLE "PATENTED"—DAMAGES.
    Plaintiff, manufacturing an apparatus covered by two patents, marked
the same as patented by one of them, but not by the other. *Held* that,
although both were infringed, he was entitled to an accounting under the
former only.

5. SAME—VALIDITY AND INFRINGEMENT—SPRING DOOR CLOSERS.
    The Blount patents, Nos. 289,380 and 458,357, for improvements in spring
door closers with checks to prevent slamming, construed, and the second
claim of the former *held* valid and infringed, and the first four claims of
the latter *held* valid, the fifth *held* invalid, and claims 2 and 3 *held* in-
fringed, and claims 1 and 4 not infringed.

This was a bill by the Blount Manufacturing Company against
Joseph Bardsley for infringement of certain patents for spring door
closers.

Melville Church and Charles E. Mitchell, for plaintiff.
Charles C. Gill, for defendant.

WHEELER, District Judge. This suit is brought for infringe-
ment, by the same apparatus, of the second claim of letters patent
289,380, dated December 4, 1883, and the first five claims of 458,-
357, dated August 25, 1891, granted to Eugene I. Blount for im-
provements in spring door closers with checks to prevent slam-
ming. The most analogous of such contrivances before known were
that described in patent 140,638, dated July 8, 1873, and granted
to Charles W. Oldham, which was on the wall at the side of the
door, and had a piston, with ports in it, working with a spring in
liquid in an upright plain cylinder, and an elbow lever with one arm
attached to the piston and spring, and the other connected by a
rod to the door; and those described in patents 228,776, dated June
15, 1880, and 251,790, dated January 8, 1882, and granted to Lewis
C. Norton, which had each, in an air cylinder, a spiral spring to
close, with a piston to regulate the closing of, the door.
    The apparatus of the first of these patents of Blount has a volute
spring, like that of a watch, working in a case attached to the door
or jamb, with the shaft of the spring connected by levers with the
jamb or door, to close the door, and connected by a crosshead with
a piston, having ports in it, working in liquid in a cylinder, having
an outside passage connecting its ends, controlled by a valve, to
regulate the closing. The second claim of this patent is for:

"(2) The actuating spring, and mechanism for transmitting its force to the
door, combined with the regulating cylinder, having a passage connecting its

ends, and a controlling valve therefor, and the piston, provided with ports through it, and a valve controlling them, and its piston rod operating upon the said mechanism actuated by the spring, substantially as described."

In the apparatus of the other the cylinder is brought under, and at right angles to, the spring chamber, and becomes a closed liquid chamber; the piston is divided into two parts, with connections between them, one being the working part and the other a guide, and the shaft is connected by a crank and pitman with the working end of the piston. The first five claims of this patent are for:

"(1) A door check embracing in its construction a closed spring chamber and its spring, a closed cylindrical liquid chamber arranged at a right angle to the spring chamber, a piston in said chamber, a valve adapted to operate longitudinally in said chamber, an oscillatory shaft extended through said spring chamber into the liquid chamber, and a crank and pitman connecting the shaft with the piston, as set forth.

"(2) A door check embracing in its construction a closed spring chamber, a liquid chamber below said spring chamber arranged at right angles to the spring chamber, an oscillatory shaft extending through said spring chamber into said liquid chamber, and a piston having a valved port and longitudinally movable in said liquid chamber at a right angle to the axis of said shaft, the latter being connected to the said piston to operate the same, as set forth.

"(3) A door check embracing in its construction a vertically arranged spring chamber, a closed liquid chamber arranged at a right angle to the axis of the spring chamber, an elongated piston in said liquid chamber, adapted to operate longitudinally of said liquid chamber, and having a valved port, and provided at its front and rear ends with bearings to substantially fit the interior of the chamber, and a shaft extending through the said spring chamber into the liquid chamber, and connected with the piston to operate the same and be operated thereby, as set forth.

"(4) A door check comprising in its construction a closed spring chamber and its spring-closed elongated liquid chamber arranged at a right angle to the axis of the spring chamber and in juxtaposition thereto, an elongated piston in the said liquid chamber, reduced in size, intermediate of its ends, an oscillatory shaft in said spring chamber, and extended into the liquid chamber, and a crank and pitman connecting the shaft with the piston and arranged to operate intermediate the ends of the latter, as set forth.

"(5) A door check comprising in its construction a closed spring chamber and a closed liquid chamber arranged at a right angle to the axis of the spring chamber, and in juxtaposition thereto, as set forth."

The defendant's admitted apparatus is made according to patent 464,951, dated December 15, 1891, and granted to him, but having a closed liquid chamber below the spring chamber. It is like the plaintiff's, except that the piston is worked by an eccentric on the shaft fitted between the two parts of the piston, instead of by a crank and pitman. These patents of Oldham and Norton, and many others, and other things, are set up as anticipations and as showing want of patentable invention or novelty; and the want of allegation and proof of marking articles made and sold under these patents as so patented, or of notice of the patents, is relied upon against recovery of damages.

As Blount was not the inventor of door closers with checks, he was entitled to a patent for such only as were different from, and improvements upon, the others. The parts, and their arrangement, of the second claim of his first patent, are essentially different from those of either Oldham or Norton, and together they quite obviously constitute a door closer and check different from, and

better than, that of either. These, and the other things referred to, show similar parts to these in other arrangements for other purposes; but nothing shows them working together in any arrangement like this, for this or any other purpose. The taking of these parts and bringing them together, and making them work in this arrangement, was more than mechanical, and appears to have well amounted to a patentable invention. As those mentioned contained the things nearest to these parts, a detailed reference to the others seems to be unnecessary. That claim appears, upon these considerations, to be valid.

The other patent could properly cover only specific improvements upon the apparatus of this, which had not been patented to Blount, nor known to and used by others before. Railway Co. v. Sayles, 97 U. S. 554. He and others had taken out several patents relating to this subject in time between these two; of them all, 435,678, dated September 2, 1890, and granted to him, seems to be the nearest, and is understood to be most relied upon. The principal feature of it appears to be the working of a wing on the shaft against a partition, from the shaft, both having ports, in a liquid chamber below the spring chamber, for regulating the closing of the door. This was bringing a liquid chamber containing regulating devices under the spring chamber; but not such of either as those of this other patent, and still more not the combination of either of the first four claims. Both chambers, however, appear to be closed, and the liquid chamber to extend outward, for inclosing the mechanism, at right angles to the axis of the spring chamber, and it is in juxtaposition thereto, which constitutes the combination of the fifth claim. No reference to the more remote elements and arrangements of other patents of this time is deemed to be necessary. In this view the first four claims appear to be valid, and the fifth invalid.

The scope of the second claim of the first patent is argued to have been narrowed by the rejection of other claims acquiesced in while the application was pending. But the claims rejected would have covered, as the patent of Oldham, and that of Clark and Gillon, 262,005, referred to, did, plain cylinders and pistons, while the fourth claim, which became this second claim without alteration, did not. Nothing was rejected which that claim would cover, and nothing was abandoned, as to that claim, by acquiescing in the rejection. In that second claim the actuating spring with mechanism transmitting its force to the door is combined with the regulating cylinder described, the piston described, and its piston rod operating upon the spring mechanism substantially as described. The defendant's apparatus has all these parts precisely, except that the piston has not a piston rod proper, by which it operates upon the spring mechanism. It is itself so extended as to reach the parts which the rod would reach. This extension does what the rod would do, in the same way. The working piston in the regulating cylinder is the principal thing in that place; the manner of its connection with the spring mechanism so as to operate upon it is subordinate, and not specified, beyond mentioning the rod. The

piston rod, as such, is not in fact material to the operation; and the claim does not appear to so make it a material element of the combination that it must be considered such. So the defendant appears to use this combination, and to infringe this claim.

The first and fourth claims of the other patent make the crank and pitman distinct parts of the working mechanism. The second and third do not, but merely describe the shaft as connected with the piston, without mentioning how. Question is made, in expert opinion and in argument, as to whether the shaft is connected with the piston within the meaning of these claims. The second of them provides for the connection of the shaft to the piston to operate the same; and the third, for connection of it with the piston to operate the same and be operated thereby. This shows that the connection provided for is not an actual attachment, that will prevent any separation, but such a relation of parts as will produce simultaneousness of motion between the shaft and the piston. In the defendant's apparatus the cam produces such simultaneousness of motion between the shaft and piston, and in the sense of these claims connects them. Thus this apparatus appears to infringe them.

The first and fourth claims make the crank and pitman so material, in a combination of improvements so special, that they do not seem to be infringed by anything not having these parts.

The bill alleges that the plaintiff notified and warned the defendant to desist from infringement, account for profits, and pay damages, and that he neglected and refused so to do; but does not allege otherwise that he continued the infringement after notice, nor allege that the plaintiff marked its articles patented by these patents as so patented. The answer is silent upon this subject, but the defendant showed by cross-examination of one of the plaintiff's witnesses that they were marked as patented by the first and by other patents, but not by the later one. As these facts so appear, they are considered, although under such defective allegations. Upon them the plaintiff appears to be entitled to an account of damages under the first patent, and not under the other. Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576; Traver v. Brown, 62 Fed. 933. Decree for plaintiff for an injunction, and an account as to the second claim of 289,380, and for an injunction as to the second and third claims of 458,357.