## PETTIBONE, MULLIKEN & CO. v. PENNSYLVANIA STEEL CO.

(Circuit Court, E. D. Pennsylvania. January 31, 1905.)

No. 23.

1. PATENTS—SUIT FOR INFRINGEMENT—WAIVER OF OBJECTION TO FAILURE TO PROVE ALLEGATION NOT DENIED.

Where a bill for infringement of a patent properly alleged that the patented machine of complainant was marked in accordance with the requirement of Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388], which allegation was not denied in the answer, and no objection was made on the hearing to the failure of complainant to prove it, such objection is waived, and cannot be taken for the first time on entry of the decree.

In Equity. Suit for infringement of patent. On objections to interlocutory decree.

See 133 Fed. 730.

Dyrenforth, Dyrenforth & Lee and Horace Pettit, for complainants.

Joshua Pusey, for respondents.

HOLLAND, District Judge. The bill in equity filed in this case alleging infringement was sustained. It contained an averment that the patented machine of complainants was marked in accordance with the requirement of Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388]. The answer neither affirmed nor denied, nor did it put the complainants to the proof of this allegation. No evidence was offered to establish the affirmative of this averment, and no objection was taken at the final hearing to this failure to introduce evidence on this point. It was not raised until the day fixed for entering the decree.

In Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426, the averment in the bill was denied in the answer, and passed upon at the final hearing. There the issue was squarely raised, denied in the answer, no proof offered to sustain the averment in the bill, and the court held that it was the duty of the complainant to allege the fact of marking, and the burden of proving this was upon him, and a failure to do so precluded his recovery of damages; but in the same opinion they approved the decision in Rubber Company v. Goodyear, reported in 76 U. S. 788–801, 19 L. Ed. 566, wherein the court held "it was too late for the defendant to raise the point before the master. They were concluded by their previous silence, and must be held to have waived it." The defendants made no denial of the allegation in the bill, and raised no objection at the final hearing to their failure to introduce evidence on this point. In view of these facts, under the decision of Rubber Company v. Goodyear, supra, it is too late to raise the point now, and it must be held to have been waived.

Objections to the entry of interlocutory decree overruled.