## WESTINGHOUSE ELECTRIC & MFG. CO. v. CONDIT ELECTRICAL MFG. CO.

(Circuit Court, S. D. New York. February 17, 1908.)

1. PATENTS—SUIT FOR INFRINGEMENT — CONSTRUCTION OF STATUTE — "DAMAGES."

In Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388], which provides that, where a patentee has failed to mark the patented articles as therein required in any suit for infringement, "no damages shall be recovered by the plaintiff except on proof that the defendant was duly notified of the infringement" and continued to infringe after such notice, the word "damages" is used as meaning all sums which the complainant would be entitled to recover and includes profits.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1812–1820; vol. 8, pp. 7625, 7626.]

2. SAME—FAILURE TO MARK PATENTED ARTICLES—NOTICE OF INFRINGEMENT.

In a suit for infringement of a patent, where the bill does not show that the patented article was marked as required by Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388], it must clearly allege that explicit notice of infringement was given to defendant, otherwise damages are not recoverable except for infringement after the suit was commenced. An allegation that defendant was informed or had knowledge of the infringement is insufficient.

In Equity. This court being about to sign a decree in favor of the complainant—having found the validity of the patent and infringement by defendant—defendant objects to the insertion of any provision for an accounting by defendant, on the ground that there was no allegation in the bill and proof of a compliance with section 4900, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3388], as to notice, etc., to defendant of the patent and of infringement.

Kerr, Page & Cooper, for complainant.
Clifton V. Edwards, for defendant.

RAY, District Judge. No proof was given by the complainant that any notice was given to the public that the device held to be infringed was patented either by fixing thereon the word "Patented," or by fixing to it a label containing such notice.

Section 4900 of the Revised Statutes [U. S. Comp. St. 1901, p. 3388] reads as follows:

"It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented: either by fixing thereon the word "Patented," together with the day and year the patent was granted; or when, from the character of the article, this cannot be done, by fixing to it or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

Two questions arise: (1) Does the bill of complaint allege notice of the infringement and does the answer admit such notice; and (2) does the word "damages," used in the section quoted, include profits? In other words, if it be admitted that the bill of complaint sufficiently charges notice at the time suit was brought that the device was patented and the answer admits such allegation, is the complainant entitled to an accounting for damages from the date suit was brought and to profits from the commencement of the acts of infringement?

The bill of complaint in the third subdivision charges that this complainant brought suit against Cutter Electrical Manufacturing Company for infringement of this patent, and that recovery was had, all to defendant's knowledge. The bill of complaint in paragraph 4 then charges:

"That your orator is informed and believes, and therefore avers, that the said defendant has been informed of your orator's said letters patent and of its rights thereunder, but nevertheless has made, sold, and used, and now continues to make, sell, and use, against your orator's will and in violation of its rights, * * * circuit breakers substantially as set forth in the said letters patent, and claimed * * * to make, use, and sell, which is by law vested in your orator. * * * which acts are in violation of the rights vested in your orator by said letters patent. * * * "

The answer of the defendant admits the allegations of paragraph 3, and then says:

"And further answering said bill, paragraph 4, defendant admits that it has been informed of said letters patent and in general, as already admitted, of the matters set forth in paragraph 3 of said bill; but denies," etc.

The section of the statute quoted says that unless notice is given "no damages shall be recovered by the plaintiff," etc. While in patent suits we frequently speak of damages and also of profits, and thus distinguish the one from the other, still I think that the word "damages" in section 4900 includes, and was intended to include, profits, in short, all damages—all sums that the complainant is entitled to recover by way of damages for the infringement alleged and proved. I do not think that Congress intended to allow the complainant to recover profits in the absence of the notice required. This view seems to be sustained in Lorain Steel Company v. N. Y. Switch & Crossing Company (C. C.) 153 Fed. 205. We recur then to the question, does the bill of complaint sufficiently allege compliance with section 4900, and does the answer admit the allegation?

The bill says that the defendant has been informed of the complainant's letters patent and of its rights thereunder. The bill gives no time when this information was given, and it fails to suggest that the defendant was notified of any infringement by it prior to the commencement of the action. Of course, bringing the suit—filing the bill of complaint—was notice to the defendant, not only of the patent, but of complainant's alleged rights and of the infringement. I do not think that the bill alleges, or that the answer admits notice of, infringement by defendant prior to the bringing of the suit.

In Dunlap v. Schofield, 152 U. S. 244, 247, 248, 14 Sup. Ct. 576, 577, 38 L. Ed. 426, Mr. Justice Gray, in giving the opinion of the court, said:

"The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patent, unless he has given notice of his right, either to the whole public by marking his article "Patented," or to the particular defendants by informing them of his patent and of their infringement of it."

If the court meant what it said, then notice of the alleged infringement was required. Such notice should be clear and explicit, and the language of the bill of complaint averring it should be clear so that the defendant may not be misled in his pleading. There is no allegation that the word "Patented" was on the patented article or on the package containing it. Defendant may have been informed in some other way of the patent and of complainant's rights thereunder, but this should not be held a compliance with the statute. In case of failure to so mark, the defendant must have been notified not of the patent and of complainant's rights simply, but of the infringement.

It appears, however, in the case that the defendant continued its acts of infringement after suit brought. For these reasons, I think that the decree should contain a provision for an accounting, but that the accounting should be limited to the time subsequent to the filing of the bill of complaint.