## UNDERWOOD TYPEWRITER CO. v. ELLIOTT-FISHER CO.

(Circuit Court, S. D. New York. July 12, 1909.)

PATENTS (§ 322*)—SUIT FOR INFRINGEMENT—DAMAGES AND PROFITS—PROOF OF MARKING OR NOTICE.

> Where, in a suit for infringement of a patent, the bill alleges the marking of the patented article as required by Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), or notice to defendant of infringement, the court may permit proof of such allegations at any time before final decree, even on an accounting before the master after an interlocutory decree, in order to carry the accounting back of the filing of the bill, where equity requires it, as where, although the issue was tendered by the bill, the point was not raised on the hearing and no proof was introduced thereon.

> [Ed. Note.—For other cases, see Patents, Dec. Dig. § 322.*]

In Equity. This, in effect, is an application for a rule or order limiting the master, on the accounting directed by the interlocutory decree, to proof of damages, etc., since the filing of the bill.

See, also, 165 Fed. 927.

Briesen & Knauth, for complainant.

Robert Fletcher Rogers, for defendant.

RAY, District Judge. I cannot assent to the claim that the interlocutory decree entered limits the complainant to proof of damages or damages and profits subsequent to the filing of the bill. At the time of signing the interlocutory decree I was requested so to limit the accounting, but declined, and inserted the following:

"To which it [complainant] may be entitled under the proofs and pleadings herein."

Prior to the final hearing the complainant did not prove, and in the record there was not proof, that the complainant had marked or given notice as required by section 4900, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3888). The bill of complaint duly alleged marking and notice. The issue was thus duly tendered. The point was not raised at the final hearing. If it had been, and complainant had claimed ability to show marking or notice at a date prior to bringing suit, the court in fairness would have done one of two things— sent the case back for proof on that question, or expressly referred the question to the master, allowing the case to go on the question of validity of the patent and infringement. This is not a case where the complainant has failed to allege marking or notice, and is not, there-fore, entitled to show it under his pleadings. The question is: Can and should the court permit the complainant to show before the master marking or notice prior to the bringing of the suit, and thus carry the accounting back to a date prior thereto, or should it hold that no evidence on that subject can be given before the master?

It is a question of procedure, rather than of jurisdiction. The court has ordered an accounting, and has not confined it, as to the time it shall cover, otherwise than as mentioned. If the court has power, and justice demands, the master should be permitted to take the evidence of marking or of notice, as the case may be, and make

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his findings and report according to the justice of the case. Bringing suit was notice, and hence an accounting was proper. The accounting is now proceeding. The decree entered is purely interlocutory. The Circuit Court has jurisdiction of the whole matter. It may open the whole case. Of course, there must be proof of marking or of notice before the complainant can charge the defendant in damages. Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426. That it is now seeking to do. I am of the opinion, while I do not approve the practice, that the complainant is entitled to give proof of marking or of notice prior to the commencement of the suit before the master. How far back the accounting shall reach is a matter for the master to determine under the evidence adduced before him. To fix that date he must, in the absence of a limitation in the interlocutory decree, ascertain whether or not there was the requisite marking, or notice, or both; if notice, the date thereof. "The proofs in the case" are those which legitimately may be given under the pleadings and practice of the court. I do not think this holding is in violation of Dunlap v. Schofield, supra, or of Westinghouse v. Condit (C. C.) 159 Fed. 154. In this last case this court limited the accounting to the time after suit brought, on the ground there was no allegation in the bill of marking or of notice, not on the ground that complainant had failed to make proof of marking or of notice prior to the final hearing. Marking and notice are issuable facts; but so long as the Circuit Court has the case, and prior to final decree, it may permit the proof to be given, even before the master. I think this is the result of the cases. This court has recently held, as did Judge Holt, that after interlocutory and before final decree proof by order of the court may be given of infringement by a defendant against whom there was no proof of infringement at the final hearing.

I think the accounting should proceed and the evidence be taken. On application for final decree, the rights of the parties can be fully protected.