GIBSON et al. v. AMERICAN GRAPHOPHONE CO. et al.

(Circuit Court of Appeals, Second Circuit. May 9, 1916.)

No. 29.

1. PATENTS ⬅222—INFRINGEMENT—ACTIONS—NOTICE.

Under Rev. St. § 4900 (Comp. St. 1913, § 9446), declaring that it shall be the duty of all patentees and their assigns and legal representatives, and all persons making or vending any patented article, to give sufficient notice to the public that the same is patented, either by affixing the word "patented" together with the day or year when the patent was granted, or when from the character of the article this cannot be done, by fixing to it, or to the package wherein one or more of such articles is inclosed, a label containing a like notice, and that in a suit for infringement by a party failing to so mark, no damages can be recovered save on proof that defendant was duly notified of the infringement and continued after such notice to make and vend the article so patented, complainants cannot in an infringement suit recover damages where the defendants were not notified of the patent, and the patented articles bore no insignia showing that they were patented.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 352; Dec. Dig. ⬅222.]

2. PATENTS ⬅324(5)—INFRINGEMENT SUITS—REVIEW—FINDINGS.

As the trial court sees the witnesses, its finding in a suit for infringement of patent that no notice was given defendant of the existence of the patent will, though the evidence was conflicting, be deferred to on appeal.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 606; Dec. Dig. ⬅324(5).]

Appeal from the District Court of the United States for the Southern District of New York.

---

Suit by Robert L. Gibson and another against the American Grapho-phone Company and others. From a decree refusing an accounting, complainants appeal. Affirmed.

On appeal from a decree entered by Judge Mayer refusing an accounting in an action based upon letters patent No. 628,813, granted to Henry Jones, July 11, 1899, for improvements in gramaphones, and other sound producing and sound recording machines of a similar nature. The principal object of the invention is to improve the construction of the recording and reproducing mechanism, especially that part known as the sound box and stylus supporting bar. The patentee insists that by means of his improvement the sound delivered from the receiver is greatly improved and a clear and distinct articulation is obtained. An accounting was refused because of the failure of the complainants to comply with the requirements of section 4900 of the Revised Statutes (Comp. St. 1913, § 9446), regarding the giving of notice.

Charles Neave, of New York City, and Ernest Howard Hunter, of Philadelphia, Pa., for appellants.

C. A. L. Massie and Ralph L. Scott, both of New York City, for appellees.

Before COXE and ROGERS, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

COXE, Circuit Judge (after stating the facts as above). [1, 2] The question presented by this appeal is whether the complainants are entitled to an accounting in view of their failure to comply with the law as provided by section 4900 of the Revised Statutes. This section provides inter alia that it shall be the duty of all patentees to give notice that the article made by them is patented,

"either by affixing thereon the word 'patented' together with the day and year the patent was granted; or, when from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice. In any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

There is no pretense that the complainants have complied with that part of the statute which requires notice to be affixed to the patented article but it is argued that the defendants were duly notified of the infringement "and continued after such notice to make, use, or vend the article so patented."

Various defenses are urged by the defendants-appellees, but we deem it necessary to consider only the defense which Judge Mayer held to be established, viz., the noncompliance with the provisions of section 4900, first, because they did not put the notice required by law upon their sound boxes and second, because they did not give the defendants notice orally or in writing of the infringement claimed by them.

In Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426, Mr. Justice Gray says the clear meaning of the statute is that if the patentee makes or sells the patented article he cannot recover damages—

"unless he has given notice of his right, either to the whole public by marking his article 'patented,' or to the particular defendants by informing them of his patent and of their infringement of it."

Whether this notice was given depends upon whether Burns or Gibson is to be credited. There was a sharp controversy between the two men. Their testimony was taken in open court, and the trial judge had the great advantage of seeing and hearing both. He accepted the version given by Burns. Under such circumstances we think we should not reverse the conclusion so reached. The personal equation is a very important element in determining such questions. The narratives of two witnesses may seem equally persuasive on paper and yet the difference in their manner and deportment may be so marked that no two intelligent men would differ as to which should be credited. The complainants could have put all question on this subject beyond doubt by giving the notice required by section 4900; having failed to do so the burden was on them to prove that actual notice was given. The trial court has found that they have not sustained the burden and we think we should not disturb this finding, especially is this so when the trial court had the advantage of seeing and hearing the witnesses.

The decree is affirmed with costs of this court to the appellees.