## GENERAL ELECTRIC CO. v. GEORGE J. HAGAN CO.

### No. 1103.

District Court, W. D. Pennsylvania.
Dec. 28, 1929.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa., for plaintiff.

Green & McCallister, E. W. McCallister, and W. B. Jaspert, all of Pittsburgh, Pa., for defendant.

### PER CURIAM.

In the opinion filed in this case November 14, 1929 [38 F.(2d) 995], the court said: "Holding as we have, that the Collins patent, No. 1,310,060 is valid and has been infringed by the defendant, let a decree be prepared and submitted in accordance with the findings of fact, conclusions of law, and this opinion." Plaintiff in pursuance thereof has submitted a decree and claims that it is entitled to recover profits and damages. This is denied by defendant on the ground that plaintiff has failed to comply with the Revised Statutes, § 4900, title 35, section 49, of the United States Code.

In the bill it is alleged: "That, upon information and belief, the Defendant herein had knowledge of the said letters patent before the bringing of this suit and had notice of plaintiff's rights in the premises, but that the Defendant has disregarded such notice and has continued to infringe said letters patent as herein stated."

In the answer of the defendant it is alleged: "Defendant admits knowledge of said patent in suit before the filing of the Bill of Complaint herein, but denies the other allegations of paragraph 7 of the Bill of Complaint, and that it was notified of infringement of said patent prior to the filing of the Bill of Complaint herein."

The court in its findings of fact No. 27 found: "Defendant had knowledge of the Collins patent in 1919, and this knowledge continued down to the present time."

There was no finding of notice by marking, and it is admitted by plaintiff that notice by marking was not given; nor is there any finding that defendant was duly notified of the infringement of the patent in suit, and continued after such notice to make, use, or vend the article patented. The court now finds that no such notice was given defendant.

Section 4900 of the Revised Statutes, title 35, section 49, reads:

"*Patented articles marked as such; notice of infringement.*—It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patented,' together with the day and year the patent was granted; or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

This section was before the United States Supreme Court in the case of Dunlap v. Schofield, 152 U. S. 244, 14 S. Ct. 576, 38 L. Ed. 426. The court, speaking by Mr. Justice Gray, said at page 247 of 152 U. S., 14 S. Ct. 576, 577:

"The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patent, unless he has given notice of his right, either to the whole public, by marking his article 'Patented,' or to the particular defendants, by informing them of his patent, and of their infringement of it.

"One of these two things—marking the articles, or notice to the infringers—is made

by the statute a prerequisite to the patentee's right to recover damages against them. Each is an affirmative fact, and is something to be done by him. Whether his patented articles have been duly marked or not is a matter peculiarly within his own knowledge; and, if they are not duly marked, the statute expressly puts upon him the burden of proving the notice to the infringers before he can charge them in damages. By the elementary principles of pleading, therefore, the duty of alleging and the burden of proving either of these facts is upon the plaintiff.

"In the present case, although the plaintiffs had manufactured and sold goods with the patented design upon them, they made no allegation or proof that the goods were marked as the statute required. They did allege in their bill that they notified the defendants of the patent and of their infringement; but this allegation was distinctly denied in the defendants' answer, and the plaintiffs offered no proof in support of it. They could not, therefore, recover, even if this were a suit for damages, within section 4900 of the Revised Statutes."

In the case of Franklin Brass Foundry Co. et. al. v. Shapiro & Aronson (C. C. A.) 278 F. 435, 437 (3d Circuit), the court said:

"Actual notice must be actually proved, and cannot be assumed as a legal inference from any facts which amount not to actual proof of the fact, and we think that a defendant is not *'duly notified,' within the meaning of the statute,* unless the facts with which he is supplied would, if fixed upon the patented article, constitute 'sufficient notice.' * * *

"Consequently the evidence, as we understand it, fails to show that *prior to the filing of the bill of complaint either form of notice prescribed by the statute was given to either defendant.* Manifestly, then, there is no opportunity to find that, prior to the filing of the bill, either defendant continued after notice to make, use, or vend the patented article."

A similar ruling was made by Judge Gibson of this court in Robinson v. Jeffrey Mfg. Co., 10 F.(2d) 384. In the case of Son v. Pressed Steel Car Co., 21 F.(2d) 528, 529, the District Court for the Southern District of New York, by District Judge Thacher, said:

"Uniformity of decision in the courts of the United States should not be sacrificed to local precedents which are not in line with modern decisions. I therefore conclude that section 4900 of the Revised Statutes applies to the plaintiff, notwithstanding the fact alleged that she neither makes nor vends the patented devises. Notice of existence of patents, which is alleged, is not notice of infringement, which is required by the statute. Westinghouse Elec. & Mfg. Co. v. Condit Elec. Co. (C. C.) 159 F. 154; Tuttle v. Claflin (C. C. A.) 76 F. 227, 237; Dunlap v. Schofield, 152 U. S. 244, 14 S. Ct. 576, 38 L. Ed. 426. Nor is there any doubt that the statute bars recovery of profits as well as of damages. Gibson v. American Graphophone Co., 234 F. 633 (C. C. A. 2d Circ.); Franklin Brass Foundry Co. v. Shapiro & Aronson, 278 F. 435 (C. C. A. 3d Circ.)."

In the case of Muther v. United Shoe Machinery Co., 21 F.(2d) 773, 779, the District Court of Massachusetts, speaking by District Judge Brewster, said:

"The plaintiff further contends that, even if the question is open to the defendant and the master has authority to exclude such damages, he ought not to do so since the defendant had actual knowledge of the infringement. It is true that defendant had knowledge of the patent soon after it was granted, and was aware of the infringement, but the plaintiff does not prove that he ever gave defendant notice of the infringement prior to date of the filing of this bill of complaint. The statute requires some affirmative act on the part of the patentee. Compliance is not proved by showing that the defendant acquired knowledge of the patent, or even of the possible infringement, from some independent source. Pairpoint Manufacturing Co. v. Eldridge Co. (C. C.) 71 F. 307; Gibson v. American Graphophone Co. (C. C. A.) 234 F. 633; Westinghouse E. & Mfg. Co. v. Condit Elec. Mfg. Co. (C. C.) 159 F. 154; Dunlap v. Schofield, supra."

In the case of Parker Rust Proof Co. v. Ford Motor Co., 23 F.(2d) 502, 503, the District Court for the Eastern District of Michigan, speaking by District Judge Tuttle, said:

"The master's finding that prior to January 1, 1917, the Ford Motor Company, a Michigan corporation and that from and after May 1, 1920, the defendant, a Delaware corporation, received and had actual knowledge of the patent in suit, and that these two corporations concealed from plaintiff knowledge of their infringement, and that until September 9, 1920, plaintiff had no knowledge thereof, is approved. However, the fact that the defendant and its predecessor had actual knowledge that it was infringing the patent in suit does not entitle plaintiff to recover damages or profits for the entire period

of such knowledge. Proof is required to show that the defendant was notified by the plaintiff of the infringement, and recovery begins only from the date when plaintiff gave the notice specified in section 4900 of the Revised Statutes (35 USCA § 49; Comp. St. § 9446), which was on September 9, 1920. Muther v. United Shoe Machinery Co. (D. C.) 21 F.(2d) 773; Westinghouse Electric & Manufacturing Co. v. Condit, etc., Co. [C. C.] 159 F. 154."

In this case defendant had knowledge of plaintiff's patent in 1919. It built furnaces thereunder, under an oral license of plaintiff from 1919 to 1923; it conducted negotiations with plaintiff about a renewal license, or license from February to September, 1923. At no time did plaintiff comply with the statutory provisions of notice to the public by marking, and at no time did plaintiff either verbally or in writing, notify defendant that it was infringing the patent in suit. It follows, therefore, that plaintiff is not entitled to an accounting for profits and damages.

### Decree.

This case came on to be heard and was argued by counsel; and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows:

1. That the plaintiff, General Electric Company, is now and was prior to the institution of this suit, the owner of the entire right, title, and interest in United States letters patent No. 1,310,060, granted to it on July 15, 1919, as assignee of Edgar F. Collins and of all rights of recovery under said letters patent.

2. That the claims in suit, numbered 7, 8, 9, 10, and 11, of said letters patent, are good and valid.

3. That the defendant, George J. Hagan Company, has infringed claims 7, 8, 9, 10, and 11 of said letters patent in suit and upon the exclusive rights of the plaintiff under the same.

4. That a perpetual injunction issue out of and under the seal of this court, directed to the said defendant, George J. Hagan Company, its associates, directors, officers, attorneys, clerks, agents, servants, and workmen, enjoining and restraining them, and each of them, from directly or indirectly making or causing to be made, using or causing to be used, or vending to others to be used, in any manner, electric furnaces embodying the inventions and improvements granted by said letters patent and covered by claims 7, 8, 9, 10, and 11 thereof, or from infringing upon or violating said claims 7, 8, 9, 10, and 11 in any way whatsoever.

5. That the plaintiff to recover of the defendant its costs and disbursements in this suit to be taxed.